MURRAY B. MARSH COMPANY Incorporated, a Washington Corporation, and Giffen Industries, Inc. a Florida corporation, Plaintiffs,

v.

MOHASCO INDUSTRIES, INC., a New York corporation, Defendant and Counterclaimant.

No. 70–2620.

United States District Court,
C. D. California.

March 18, 1971.

---

Musick, Peeler & Garrett, Los Angeles, Cal., for plaintiffs.

Gibson, Dunn & Crutcher, Los Angeles, Cal., for defendants.

### ORDER DISMISSING COUNT SIX OF AMENDED COMPLAINT WITHOUT PREJUDICE

HAUK, District Judge.

This matter having come on before the Court for hearing on March 8, 1971, upon defendant's Motion to Dismiss, to Stay and to Transfer Count Six of Amended Complaint,[1] upon defendant's Points and Authorities in support thereof, and Plaintiffs' Authorities in Opposition thereto, and the Court having taken the said Motions under submission, subject to the filing of supplemental memoranda by defendant in support thereof and by plaintiffs in opposition thereto, and the Court having duly considered said Motions, Points and Authorities and supplemental memoranda and being fully advised in the premises, and good cause appearing therefore,

It is hereby ordered and adjudged:

1. Count Six of the Amended Complaint be and the same hereby is dismissed without prejudice.

2. This Dismissal Without Prejudice is made and entered upon the grounds that the Court has discretionary power to grant or deny declaratory relief as sought in said Count Six of the Amended Complaint, pursuant to 28 U.S.C. § 2201

---

1. The Amended Complaint is attached for ready reference, Appendix A.

and exercises its discretion to deny such relief by granting the Dismissal Without Prejudice.

3. Among the reasons and grounds the Court finds controlling in making the determination to dismiss Count Six of the Amended Complaint Without Prejudice are the following:

(a) Each and all of the issues raised by said Count Six of the Amended Complaint are present or can be raised in a prior pending action in the State of New York [2] entitled Mohasco Industries, Inc., v. Giffen Industries, Inc., Supreme Court of the State of New York, County of New York, filed therein December 10, 1970, Index No. 21,000—1970, attachment having been levied thereunder on December 11, 1970 upon monies and property of defendant Giffen Industries, Inc., by service of the Order of Attachment upon the Franklin National Bank, the Bank of New York and K. Gimbel Accessories, Inc., with the result that the said action in New York was properly commenced and pending as of December 10, 1970, whereas the said Count Six of the Amended Complaint and the Amended Complaint were not filed herein until December 14, 1970.

We find that the New York suit is a prior pending action because, although the general New York process statute makes *service of summons* the effective incident triggering both commencement of action and acquisition of jurisdiction, N.Y.C.P.L.R. 304, nevertheless, if at the time summons is issued an order of attachment is granted, the action is deemed commenced for statute of limitations purposes as of the date of the granting of the attachment. N.Y.C.P.L.R. 203(b). Moreover, if the attachment and the summons are eventually served within the two year statutory period for such service, *then* the action is deemed commenced and jurisdiction is acquired as of the date of the granting of the attach-

ment, apparently for *all* purposes. Arnold v. Mayal Realty Co., 299 N.Y. 57, 85 N.E.2d 616 (1949).

Here the New York action was filed, summons issued and the order of attachment was granted, all on December 10, 1970. The attachment was served on December 11, 1970 and the summons was served on December 29, 1970. It appears that all the conditions necessary to a finding of commencement of the New York action on December 10, 1970, have been met.

Turning to Count Six of the Amended Complaint, admittedly filed on December 14, 1970, plaintiffs urge that this filing should relate back to the filing date of the original complaint on November 20, 1970 under F.R.Civ.P., Rule 15 (c). The plausibility of plaintiff's argument fades when upon analysis we see that Count Six of the Amended Complaint brings in an entirely new party (Giffen Industries, Inc.) and an entirely new claim for relief (Declaratory Judgment under 28 U.S.C. 2201) either of which would, and certainly both combined do, operate to prevent the application of the "Relation Back" doctrine of Rule 15(c), even when such prevention harshly results in barring of actions under statutes of limitations. 3 Moore's Federal Practice 15.15 [4.–1], pp. 1039–1048. Certainly here, where no such harsh result can occur, the presence of the two ingredients preventing "Relation Back" dictates that we find, as we do, that the New York action is prior and pending.

(b) The contract involved in said Count Six of the Amended Complaint and in the said prior pending action in the State of New York is a contract of Guaranty which, though made, entered and signed by Giffen Industries, Inc., (defendant in the New York action) in the State of Florida, is by its terms to be performed in the State of New York and governed by the laws of the State of

2. Appendix B.

New York, with the result that the rights and liabilities thereunder should be litigated if at all possible in the courts of the State of New York. Litigation here in this Court in the Central District of California would constitute a multiplicity of litigation which should not be countenanced, particularly when the contracting parties to the said Guaranty are a New York corporation (plaintiff in the New York litigation) and a Florida corporation (defendant in the New York litigation) whose entities, officers and directors are more clearly and readily subject and available to the courts of the State of New York than to this Federal Court in the Central District of California.

(c) Because of the domiciles of the corporate entities in the New York litigation and the locations of their officers and directors in New York and Florida, it is clear that with respect to the contracted Guaranty and the rights and liabilities to be litigated and determined thereunder, the concerns and conveniences of the parties and witnesses dictate that such litigation and determination of rights and liabilities under the Guaranty should be made and carried out by the courts of the State of New York rather than a Federal Court sitting in the State of California, especially since the New York litigation was commenced at least four days prior to the filing of the Amended Complaint adding the new party plaintiff, Giffen Industries, Inc., and the new Count Six.

(d) Since ordinarily the courts should and do respect the plaintiff's choice of forum, and since with respect to the contract of Guaranty the plaintiff Mohasco Industries, Inc., has chosen the forum of New York, and since its choice was made at least four days before the choice of this Federal Court in the Central District of California by the plaintiff Giffen Industries, Inc., in the case before us, and since the place of performance and the law governing the Guaranty are New York's, and since there are no countervailing reasons for litigating and resolving the Guaranty contract issues here, it follows that the New York forum should prevail as it does by this Order now made to dismiss Count Six of the Complaint Without Prejudice.

(e) No harm or prejudice can come to Giffen Industries, Inc., the new party plaintiff which is now dismissed out of the action herein along with Count Six of the Amended Complaint, because it can raise in the New York litigation any and all claims, issues and defenses it has sought to raise or could raise here by way of the now dismissed Count Six of the Amended Complaint or otherwise.

(f) Finally, the fact that under the leading U.S. Supreme Court cases of Kelly v. Kosuga, 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475 (1959) and Bruce's Juices, Inc., v. American Can Co., 330 U.S. 743, 67 S.Ct. 1015, 91 L.Ed. 1219 (1957) and their decisional progeny, and following their rationale and reasoning, it is relatively certain that Giffen Industries, Inc., cannot fend off or avoid liability under the Guaranty by alleged antitrust defenses directed to the Guaranty contract as such and further dictates that whatever defenses Giffen Industries, Inc. desires to raise to the Guaranty be raised and litigated in the Courts of the State of New York where the contract is to be performed and by whose laws it is to be governed. In this connection, the Court notes that all of the cases upon which Giffen Industries, Inc., relies in support of the scant possibility that it could somehow raise antitrust issues if not defenses against the Guaranty are New York decisions, once again clearly pointing to the soundness of our decision in dismissing Count Six of the Amended Complaint Without Prejudice so Giffen Industries, Inc., can pursue this ephemeral will-o'-the-wisp in the New York forum, the appropriate forum whether the litigation is prior and pending as we find, or merely pending and not prior as plaintiffs urge.

## APPENDIX A
### to
### ORDER DISMISSING COUNT SIX OF AMENDED COMPLAINT WITHOUT PREJUDICE

United States District Court
Central District of California
No. 70-2620-AAH

Murray B. Marsh Company,
a Washington corporation,
and Giffen Industries, Inc.,
a Florida corporation,

     Plaintiffs,

 vs.

Mohasco Industries, Inc.,
a New York corporation,

     Defendant.

### AMENDED COMPLAINT

(Jury Trial Demanded)

(Sections 2 and 3, Clayton Act;
Suit for Declaratory Relief and
Damages)

Come now, the plaintiffs by their attorneys and for their causes of action against defendant, allege as follows:

### I

### JURISDICTION

This suit is instituted by plaintiffs against defendant under the antitrust laws of the United States of America and, more particularly, Sections 2 and 3 of the Act of Congress of October 15, 1914, commonly known as the "Clayton Act" (15 U.S.C. 14). Jurisdiction is conferred upon this Court by Section 4 of the Act of October 15, 1914, commonly known as the "Clayton Act" (15 U.S.C. 15), by the act of June 25, 1948 (28 U.S.C. 1337) and by the Act of August 14, 1964 (28 U.S.C. 1332). The plaintiffs and defendant herein buy and sell and have bought and sold goods and services in interstate commerce in a substantial volume.

Plaintiff, Murray B. Marsh Company is a Washington corporation organized and existing under the laws of the State of Washington; plaintiff, Giffen Industries, Inc., is a corporation organized and existing under the laws of the State of Florida. Said plaintiff has been a distributor for defendant since January 1, 1945. Since March 14, 1969, plaintiff Murray B. Marsh Company has been a wholly owned subsidiary of Giffen Industries, Inc.

### II

### DESCRIPTION OF PLAINTIFFS

Plaintiff, Giffen Industries, Inc., is a corporation organized and existing under the laws of the State of Florida with its principal place of business existing in Miami, Florida. Plaintiff, Murray B. Marsh Company, is a corporation organized and existing under the laws of the State of Washington with its principal place of business in Los Angeles, California, and distributes carpeting products to retailers in the States of Arizona, Nevada, California, Washington, Oregon, Utah, Idaho, Montana, Alaska and Hawaii.

### III

### DESCRIPTION OF DEFENDANT

Defendant, Mohasco Industries, Inc., (sometimes hereinafter referred to as "defendant") is a corporation organized and existing under the laws of the State of New York. Defendant's principal offices are in the City of Amsterdam, New York. Defendant does business in every state of the United States, including the State of California, and the Central District of California. Defendant is found and has agents within the Central District of California.

### IV

### INTERSTATE COMMERCE

Defendant, Mohasco Industries, Inc., is the largest producer of carpeting and carpeting materials in the world. De-

fendant manufactures carpeting in various states of the United States, including the States of Indiana, North Carolina, Pennsylvania, South Carolina, Mississippi, Georgia and Virginia. The aforesaid defendant makes sales of the aforesaid carpeting products in each of the states of the United States. The carpeting products of defendant move in interstate commerce from the states of manufacture thereof to each of the states of the United States. Plaintiffs allege on information and belief that the annual volume of carpeting and carpeting products produced by defendant which moves in the interstate commerce of the United States is in excess of $200,000,-000.

### V

Beginning at least as early as 1945, defendant Mohasco Industries, Inc., has continuously sold its products to its distributors throughout the United States, including plaintiff Murray B. Marsh Company, upon the condition, which said defendant imposed upon plaintiff Murray B. Marsh Company, that said distributors shall not deal in, or sell, the goods and merchandise of competitors of said defendant. The effect thereof has been to substantially lessen competition in interstate commerce in carpets and carpeting products in the United States. During each of the four years preceding the filing of the Complaint, the annual volume of sales to said plaintiff by defendant, subject to the foregoing restraints imposed by said defendant, has been in excess of $7,500,000. Plaintiffs are informed and believe the total annual volume of sales by defendant to all of its distributors in the United States, during the aforesaid period, which have been the subject of the foregoing restraints imposed by defendant, has been in excess of $100,000,000.

### VI

By reason of the acts and conduct of defendant, Mohasco Industries, Inc., as more particularly alleged in paragraph V hereof, plaintiff Murray B. Marsh Company has been foreclosed from making sales of carpets and carpeting products in an annual volume in excess of $10,-000,000 during each of the four years preceding the filing of the Complaint herein, and the acts of said defendant caused plaintiff Murray B. Marsh Company to lose profits in the sum of $1,000,-000 during each of the four years preceding the filing of the Complaint.

On November 13, 1970, in order to implement its policy of making sales of its products subject to the restraints alleged in paragraph V hereof, defendant Mohasco Industries, Inc., terminated plaintiff Murray B. Marsh Company as its distributor. By reason thereof, said plaintiff has suffered, and will in the future suffer, loss of profits and other damages in the amount of $25,000,000.

### COUNT TWO

### I

Plaintiffs, by this express reference, incorporate paragraphs I through VI of Count One of this Amended Complaint and make such paragraphs a part hereof.

### II

On at least three separate occasions in or about 1955 and in or about 1959, defendant represented to plaintiff Murray B. Marsh Company that said plaintiff would be terminated as defendant's distributor unless plaintiff ceased the distribution of products competitive to defendant. In connection therewith, defendant further represented to plaintiff Murray B. Marsh Company that said plaintiff would be continued as a distributor of defendant for so long a period as said plaintiff observed the conditions so imposed by defendant, which are more particularly alleged in paragraph V of Count One hereof. Thereafter, said plaintiff observed the conditions so imposed by defendant upon it. In reliance upon the foregoing representations,

plaintiff Murray B. Marsh Company ceased to distribute products of a competitor of defendant which said plaintiff was then distributing and said plaintiff thereby suffered an annual loss of profits in an amount exceeding $500,000 during each year subsequent thereto. On November 13, 1970, in violation of the aforesaid representations, defendant terminated plaintiff Murray B. Marsh as its distributor.

## COUNT THREE

### I

Plaintiffs, by this express reference, incorporate paragraphs I through VI of Count One of this Amended Complaint and make such paragraphs a part hereof.

### II

Plaintiff Murray B. Marsh Company is informed and believes, and thereon alleges, that defendant, during the four-year period preceding the filing of the Complaint herein, in the course of engaging in interstate commerce in carpeting products, discriminated in price between said plaintiff and other purchasers of said commodities of like grade and quality sold in interstate commerce for use, consumption and resale in the United States in that defendant sold, and offered to sell, carpeting and carpeting products to customers and prospective customers of plaintiff Murray B. Marsh Company and to competitors of said plaintiff at prices lower than prices at which defendant sold and offered to sell products of like grade and quality to said plaintiff. As a result thereof, competition in the sale of carpeting and carpeting products was substantially lessened and injured and Murray B. Marsh Company was prevented from competing with defendant for the business of said customers. By reason thereof, plaintiff Murray B. Marsh Company was damaged by the loss of sales and contracts and the profits thereof in an amount yet to be ascertained by said plaintiff. When the amount of the aforesaid damages have been ascertained, plaintiff Murray B. Marsh Company will ask leave to amend these pleadings to set forth the same.

## COUNT FOUR

### I

Plaintiffs, by this express reference, incorporate paragraphs I through VI of Count One of this Amended Complaint and make such paragraphs a part hereof.

### II

In or about November 15, 1970, plaintiff Murray B. Marsh Company had entered into binding contracts for the sale of carpeting products to a number of retailers in the western states of the United States. The aforesaid retailers were regular customers of said plaintiff Murray B. Marsh Company. On or about November 15, 1970, contracts for the sale of carpeting by said plaintiff to its customers as aforesaid exceeded $950,000. In order to honor said contracts, plaintiff Murray B. Marsh Company placed orders for the purchase of carpeting with defendant exceeding $809,000.

### III

Beginning at least as early as November 1970, defendant formulated a plan and purpose to induce the customers of Murray B. Marsh Company to cancel their contracts with Murray B. Marsh Company for the sale of carpeting and carpeting materials. Thereafter, defendant induced a large number of the customers of plaintiff Murray B. Marsh Company to terminate the aforesaid contracts with said plaintiff.

### IV

As a proximate result of defendant's intentional conduct, as more particularly alleged in paragraphs II and III of this Count, customers of plaintiff Murray B. Marsh Company cancelled sales and contracts in a gross amount in excess of $600,000. By reason of the cancellation of these sales contracts, said plaintiff has suffered and will suffer loss of prof-

its and other damages in an amount in excess of $200,000.

## COUNT FIVE

### I

Plaintiffs, by this express reference, incorporate paragraphs I through VI of Count One and paragraphs II, III and IV of Count Four of this Amended Complaint and make such paragraphs a part hereof.

### II

Plaintiff Murray B. Marsh Company is interested in the agreement of distributorship between it and defendant Mohasco Industries, Inc., and desires a declaration of its rights and duties with respect to said defendant arising out of said agreement. An actual controversy exists between said plaintiff and defendant with respect thereto. Said plaintiff contends that, by reason of the termination of its distributorship with defendant Mohasco Industries, Inc., on November 13, 1970, and by reason of the acts of said defendant in causing the cancellation of orders and contracts placed by customers of Murray B. Marsh Company, the amount of the accounts payable owing by said plaintiff to defendant can only be computed after an extensive auditing process and that such amount should be deducted from the damages to plaintiff Murray M. Marsh Company proximately caused by defendant Mohasco Industries, Inc., as more fully alleged in Counts One, Two, Three and Four of this Amended Complaint. Plaintiff Murray B. Marsh Company alleges, upon information and belief, that the aforesaid contentions of said plaintiff are denied by defendant.

## COUNT SIX

### I

Plaintiffs, by this express reference, incorporate paragraphs I through VI of Count One and paragraphs II, III and IV of Count Four of this Amended Com-

plaint and make such paragraphs a part hereof.

### II

Plaintiff Giffen Industries, Inc., is interested in the agreement of distributorship between plaintiff Murray B. Marsh Company and defendant and desires a declaration of the rights and duties of the parties to said agreement in accordance with paragraph II of Count Five hereof.

### III

Prior to July 31, 1969, defendant Mohasco Industries, Inc., as a means of implementing its policy of making sales of its products pursuant to the restraints alleged in paragraph V of Count One hereof, requested plaintiff Giffen Industries, Inc., to execute a contract of guaranty of all amounts owed by plaintiff Murray B. Marsh to defendant resulting from sales of carpeting materials by said defendant to plaintiff Murray B. Marsh Company. On or about July 31, 1969, plaintiff Giffen Industries, Inc., executed the instrument of Guaranty, a true copy of which, marked Exhibit "A", is attached hereto and consolidated herein. Such Guaranty was executed by plaintiff Giffen Industries, Inc., subject to the conditions alleged in paragraph II of Count Two hereof that plaintiff Murray B. Marsh Company would be continued as a distributor of defendant for so long a period of time as said plaintiff observed the conditions so imposed by defendant.

### IV

Plaintiff Giffen Industries, Inc., is interested in the instrument of Guaranty, a copy of which, marked Exhibit "A", is attached hereto, and desires a declaration of its rights and duties with respect to defendant Mohasco Industries, Inc., arising out of said agreement. An actual controversy exists between said plaintiff and said defendant with respect thereto. The contentions of defendant Mohasco

Industries, Inc., with respect to said instrument of Guaranty, which is Exhibit "A" hereto, are set forth in a communication dated December 7, 1970, addressed by defendant to Giffen Industries, Inc., a copy of which, marked Exhibit "B", is attached hereto. Plaintiff Giffen Industries, Inc., contends that Exhibit "A" is an instrumentality employed by defendant in furtherance of the restraints alleged in paragraph V of Count One hereof, and in furtherance of the discrimination alleged in paragraph II of Count Three hereof, and is therefore void. Plaintiff Giffen Industries, Inc., also contends that the amount of the indebtedness is not as represented by defendant in Exhibit "B" hereto and that such amount has been substantially reduced by reason of the acts of defendant in causing the cancellation of orders and contracts by customers of plaintiff Murray B. Marsh Company as more fully alleged in Count Four hereof. Plaintiff Giffen Industries, Inc., further contends that by reason of the termination of the distributorship held by plaintiff Murray B. Marsh Company with Mohasco Industries, Inc., on November 13, 1970, and the aforesaid acts of said defendant in causing the cancellation of orders and contracts placed by customers of Murray B. Marsh Company, the amount of the accounts payable owing by Murray B. Marsh Company to defendant can only be computed after an extensive auditing process and that such amount should be deducted from the damages to plaintiff Murray B. Marsh Company proximately caused by defendant Mohasco Industries, Inc., as more fully alleged in Counts One through Four of this Amended Complaint.

Wherefore, plaintiffs pray:

1. That the Court adjudge and decree that defendant has been, and is now, engaged in acts in violation of Sections 2 and 3 of the Clayton Act and in violation of other provisions of law;

2. That a judgment be entered in favor of plaintiff Murray B. Marsh Company in the sum of $75,000,000 for damages alleged in Counts One and Three thereof, being, in accordance with the applicable provisions of law, three times the amount of its damages;

3. That the Court enter judgment in favor of plaintiff Murray B. Marsh Company for the damages alleged in Counts Two and Four hereof;

4. That the Court declare the rights and duties of the parties arising from the contract of distributorship between plaintiffs and defendant herein as more particularly set forth in Count Five of this Amended Complaint;

5. That the Court declare the rights and duties of the parties arising from the instrument of Guaranty as more particularly set forth in Count Six of this Amended Complaint; and

6. That the plaintiffs be granted such other and further separate relief as the case may require and as may be just and mete in the premises.

Dated: December 14, 1970.

MUSICK, PEELER & GARRETT
Gerald G. Kelly, Esq.
Jesse R. O'Malley, Esq.

By (s) Jesse R. O'Malley
Jesse R. O'Malley
Attorneys for Plaintiffs
Murray B. Marsh Company and
Giffen Industries, Inc.

EXHIBIT A

GUARANTY

FOR VALUABLE CONSIDERATION, the receipt whereof is hereby acknowledged, and to induce Mohasco Industries, Inc., a New York corporation ("Mohasco") its successors and assigns at any time or from time to time to make advances or loans or otherwise to give credit to Murray B. Marsh Company ("Marsh"), a subsidiary of Giffen Industries, Inc., a Florida corporation ("Giffen"), or to any successor to the

business of Marsh, however such advances, loans or credit may be made or evidenced, whether secured or unsecured, and in consideration of any such advance, loan or credit, Giffen hereby unconditionally guarantees to Mohasco (which term as used herein includes not only Mohasco but also its successors and assigns) that Marsh will fully, promptly and punctually pay to Mohasco when due in accordance with Mohasco's terms of sale (which terms of sale may be changed by Mohasco from time to time without affecting this Guaranty) all amounts owed by Marsh to Mohasco resulting from or arising out of any advance, loan or extension of credit made or to be made by Mohasco to Marsh, including without limitation amounts owing on open account transactions with respect to the sale of carpet by Mohasco to Marsh, and that all renewals or extensions of any such advances, loans or credit and all substitutions therefor will be fully, promptly and punctually paid when due in accordance with the terms of any such renewal, extension or substitution. Giffen further agrees to pay all expenses (including attorneys' fees and legal expenses) paid or incurred by Mohasco in endeavoring to collect such amounts, or any part thereof, and in enforcing this Guaranty. Notice of acceptance of this Guaranty and of action taken by Mohasco from time to time hereunder is hereby waived. This is a continuing guaranty and shall cover and apply to all transactions entered into between Mohasco and Marsh prior to receipt by Mohasco of written notice of the termination of this Guaranty by Giffen, but no such termination shall affect any obligation pursuant to this Guaranty existing at the time such notice is received by Mohasco, whether such obligation is direct or indirect, absolute or contingent, then due or thereafter to become due.

. In the event of the dissolution or insolvency of Marsh, or its inability to pay its debts as they mature, or an assignment by it for the benefit of creditors, or the institution of any proceeding by or against it alleging that it is insolvent or unable to pay its debts as they mature, and if such event shall occur at a time when any amount covered by this Guaranty may not then be due and payable, Giffen agrees to pay to Mohasco, upon demand, the full amount which would be payable hereunder by Marsh if all such amounts were then due and payable.

Giffen hereby authorizes Mohasco to grant time or other indulgence to Marsh, and agrees that such granting of time or other indulgence shall not release or in any way modify the liability of Giffen, whether or not notice thereof shall have been given to Giffen, nor shall any failure of Mohasco to realize upon any security or other rights which it may have in any way affect the liability of Giffen. Giffen hereby waives any and all defenses which may be available to it as guarantor and defenses in the nature thereof and agrees that Mohasco may deal with Marsh, and any other guarantors, all in such manner as Mohasco may determine and without in any way affecting the liability hereunder of either of the undersigned.

This Guaranty shall be binding upon the successors and assigns of Giffen.

Mohasco may assign this instrument or any of its rights and powers hereunder, with any or all of the liabilities the payment whereof is hereby guaranteed, and may assign or deliver to any such assignee any security given by Giffen, and in the event of such assignment the assignee hereof or of such rights and powers and of any such security shall have the same rights and remedies hereunder as if originally named herein.

No delay on the part of Mohasco in the exercise of any right or remedy shall operate as a waiver thereof, and no single or partial exercise by Mohasco of any right or remedy shall preclude other or further exercise thereof or the exercise of any other right or remedy. No action of Mohasco permitted hereunder shall in any way impair or affect this Guaranty. The liabilities of Giffen pursuant to this Guaranty shall extend to all

obligations of Marsh, to Mohasco, notwithstanding any right or power of Marsh or anyone else to assert any claim or defense as to the invalidity or unenforceability of any such obligation.

This Guaranty and all rights hereunder shall be governed by the laws of the State of New York.

This instrument is intended to take effect as a sealed instrument.

Dated this 31st day of July, 1969.

ATTEST:

GIFFEN INDUSTRIES, INC.

(s) S. William Fuller
Ass't Secretary

By (s) L. D. Brinkman
Exec. Vice President

EXHIBIT B

MOHASCO INDUSTRIES, INC.

EXECUTIVE OFFICES: AMSTERDAM, NEW YORK

Area Code 516, 843–2000

December 7, 1970

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Giffen Industries, Inc.
3235 N.W. 62nd Street
Miami, Florida 33147
Attention: Mr. Lloyd D. Brinkman

Dear Sirs:

By its Guaranty dated July 31, 1969, Giffen Industries, Inc. ("Giffen") unconditionally guaranteed to Mohasco that Murray B. Marsh Company ("Marsh") would fully, promptly and punctually pay to Mohasco Industries, Inc. ("Mohasco") when due all amounts owed by Marsh to Mohasco resulting from or arising out of any advance, loan or extension of credit made or to be made by Mohasco to Marsh, including amounts owing on open account transactions with respect to the sale of carpet by Mohasco to Marsh.

The liabilities of Giffen under such Guaranty extend to all obligations of Marsh to Mohasco, notwithstanding any claim or defense by Marsh or any other party as to the invalidity or unenforceability of any such obligation.

A copy of this Guaranty is attached. (Exhibit A.)

As of November 30, 1970, Marsh owed Mohasco $1,492,451.51 of which $904,-723.90 is now past due in accordance with Mohasco's. terms of sale. This amount is net of any credit to which Marsh is entitled. The remaining amount of $587,727.61 (also net of such credits) will become due by January 5, 1971.

By telegram dated November 27, 1970, Marsh has advised Mohasco that any amounts presently due to Mohasco from Marsh for merchandise delivered are being withheld pending litigation brought by Marsh against Mohasco. (Exhibit B.) Mohasco understands that such refusal of payment also includes additional amounts now owing to Mohasco as payment of such amounts by Marsh to Mohasco becomes due.

Accordingly, Mohasco hereby makes demand upon Giffen for immediate payment of $904,723.90, which amount is now owed to Mohasco by Marsh on open account transactions and past due in accordance with Mohasco's terms of sale, and for payment promptly after January 5, 1971 of $587,727.61, which amount is

now owed to Mohasco by Marsh on open account transactions and will become due and payable by January 5, 1971 in accordance with Mohasco's terms of sale.

Very truly yours,

MOHASCO INDUSTRIES, INC.

By (s) William D. Edwards

William D. Edwards
Financial Vice President

## EXHIBIT A

## GUARANTY

FOR VALUABLE CONSIDERATION, the receipt whereof is hereby acknowledged, and to induce Mohasco Industries, Inc., a New York corporation ("Mohasco") its successors and assigns at any time or from time to time to make advances or loans or otherwise to give credit to Murray B. Marsh Company ("Marsh"), a subsidiary of Giffen Industries, Inc., a Florida corporation ("Giffen"), or to any successor to the business of Marsh, however such advances, loans or credit may be made or evidenced, whether secured or unsecured, and in consideration of any such advance, loan or credit, Giffen hereby unconditionally guarantees to Mohasco (which term as used herein includes not only Mohasco but also its successors and assigns) that Marsh will fully, promptly and punctually pay to Mohasco when due in accordance with Mohasco's terms of sale (which terms of sale may be changed by Mohasco from time to time without affecting this Guaranty) all amounts owed by Marsh to Mohasco resulting from or arising out of any advance, loan or extension of credit made or to be made by Mohasco to Marsh, including without limitation amounts owing on open account transactions with respect to the sale of carpet by Mohasco to Marsh, and that all renewals or extensions of any such advances, loans or credit and all substitutions therefor will be fully, promptly and punctually paid when due in accordance with the terms of any such renewal, extension or substitution. Giffen further agrees to pay all expenses (including attorneys' fees and legal expenses) paid or incurred by Mohasco in endeavoring to collect such amounts, or any part thereof, and in enforcing this Guaranty. Notice of acceptance of this Guaranty and of action taken by Mohasco from time to time hereunder is hereby waived. This is a continuing guaranty and shall cover and apply to all transactions entered into between Mohasco and Marsh prior to receipt by Mohasco of written notice of the termination of this Guaranty by Giffen, but no such termination shall affect any obligation pursuant to this Guaranty existing at the time such notice is received by Mohasco, whether such obligation is direct or indirect, absolute or contingent, then due or thereafter to become due.

In the event of the dissolution or insolvency of Marsh, or its inability to pay its debts as they mature, or an assignment by it for the benefit of creditors, or the institution of any proceeding by or against it alleging that it is insolvent or unable to pay its debts as they mature, and if such event shall occur at a time when any amount covered by this Guaranty may not then be due and payable, Giffen agrees to pay to Mohasco, upon demand, the full amount which would be payable hereunder by Marsh if all such amounts were then due and payable.

Giffen hereby authorizes Mohasco to grant time or other indulgence to Marsh, and agrees that such granting of time or other indulgence shall not release or in any way modify the liability of Giffen, whether or not notice thereof shall have been given to Giffen, nor shall any failure of Mohasco to realize upon any security or other rights which it may have in any way affect the liability of Giffen. Giffen hereby waives any and all defenses which may be available to it as guarantor and defenses in the nature thereof and agrees that Mohasco may deal with Marsh, and any other guarantors, all in such manner as Mohasco may determine and without in any way affecting the liability hereunder of either of the undersigned.

This Guaranty shall be binding upon the successors and assigns of Giffen.

Mohasco may assign this instrument or any of its rights and powers hereunder, with any or all of the liabilities the payment whereof is hereby guaranteed, and may assign or deliver to any such assignee any security given by Giffen, and in the event of such assignment the assignee hereof or of such rights and powers and of any such security shall have the same rights and remedies hereunder as if originally named herein.

No delay on the part of Mohasco in the exercise of any right or remedy shall operate as a waiver thereof, and no single or partial exercise by Mohasco of any right or remedy shall preclude other or further exercise thereof or the exercise of any other right or remedy. No action of Mohasco permitted hereunder shall in any way impair or affect this Guaranty. The liabilities of Giffen pursuant to this Guaranty shall extend to all obligations of Marsh, to Mohasco, notwithstanding any right or power of Marsh or anyone else to assert any claim or defense as to the invalidity or unenforceability of any such obligation.

This Guaranty and all rights hereunder shall be governed by the laws of the State of New York.

This instrument is intended to take effect as a sealed instrument.

Dated this 31st day of July, 1969.

ATTEST:
(s) S. William Fuller
Asst. Secretary

GIFFEN INDUSTRIES, INC.
By (s) L. D. Brinkman
Exec. Vice President

---

## CERTIFIED RESOLUTIONS OF GIFFEN INDUSTRIES, INC.

At a Special Meeting of the Board of Directors of Giffen Industries, Inc., duly and properly convened and held on June 30, 1969, at which a quorum was present and voting, the following resolutions were adopted:

WHEREAS, the Board of Directors of this Corporation has created the office of Chairman of the Board, and prescribed that the Chairman of the Board shall be the Chief Executive Officer of the Corporation and shall have the general and active management of the business and affairs of the Corporation; and,

WHEREAS, the Board of Directors of this Corporation has created the office of Vice-Chairman of the Board and prescribed that the Vice-Chairman, or Vice-Chairmen, shall have the duties normally attendant to their title when the Chairman of the. Board is designated as the Chief Executive Officer; now, therefore, be it

RESOLVED, that the Chairman of the Board, or any Vice-Chairman of the Board, or the President, or any Executive Vice-President be, and they hereby are, authorized to issue from time to time to the various vendors and suppliers, and/or their respective assigns and factors, of the subsidiary corporation of this Corporation, Agreements or Letters of Guaranty for goods, wares and merchandise that may be sold and shipped, as directed by said subsidiary corporation, by the various vendors and suppliers and/or their respective assigns and factors, said Agreements or Letters of Guaranty to be attested by the Secretary, or an Assistant Secretary, of this Corporation and the Corporate Seal to be affixed thereto.

FURTHER RESOLVED, that the officers of this Corporation be, and they hereby are, authorized and directed to do and perform all acts and things that are necessary or desirable to carry out the foregoing resolution.

The undersigned, an Assistant Secretary of Giffen Industries, Inc., does hereby certify that the foregoing resolutions were adopted at a Special Meeting of the Board of Directors held on June 30, 1969,

and that the same have not been amended or rescinded.

Dated: August 29, 1969.

(s) S. William Fuller

Assistant Secretary

EXHIBIT B

Telegram

SYA026 LA408          1970 Nov. 27
                      AM 9 33

L SAA203 AM NL PDF=TDSA
          FULLERTON CALIF 26=
STANLEY LANDGRAF (PERSONAL
     DLY ONLY GET SIGNATURE)=
GROUP VICE PRESIDENT MOHAS-
     CO INDUSTRIES CORP=
AMSTERDAM NEW YORK=

IN RESPONSE TO YOUR TELEGRAM DATED NOV 19 1970 PLEASE BE ADVISED THAT THE MURRAY DE MARSH CO WILL PAY CASH ON ALL OPEN PURCHASE ORDERS WITHOUT PREJUDICE TO THE POSITION OF EITHER PARTY TO THE LITIGATION PENDING BETWEEN US. PLEASE ADVISE ME PROMPTLY OF TOTAL AMOUNT OF CASH PAYMENT PAYMENT ITEMIZED BY PURCHASE ORDER NO. ANY AMOUNTS RESENTLY DUE MOHAWK FOR MERCHANDISE HERETOFORE DELIVERED TO MURRAY DE MARSH CO ARE BEING WITHELD AS A PARTIAL OFFSET AGAINST DAMAGES FOR SUSTAINED BY REASON OF MOHAWKS ACTS CONDUCT SPECIFIED IN THE COMPLAINT ON FILE AGAINST MOHASCO INDUSTRIES CORP=

GARTH HOLBROOK VICE PRESIDENT MURRAY DE MARSH CO=.

APPENDIX B

to

ORDER DISMISSING COUNT SIX
OF AMENDED COMPLAINT
WITHOUT PREJUDICE

At a Special Term, Part II of the Supreme Court of the State of New York held in and for the County of New York at the Court House thereof on the 10th day of December, 1970.

Mohasco Industries, Inc.,
          Plaintiff,
     —against—
Giffen Industries, Inc.,
          Defendant.

INDEX NO. 21000–1970

ORDER OF ATTACHMENT

---

PRESENT

Hon. PETER A. QUINN, Justice.

A motion having been made by the plaintiff, Mohasco Industries, Inc., for an order of attachment against the property of defendant, Giffen Industries, Inc., in an action in the Supreme Court of the State of New York, County of New York,

Now, on reading the affidavit of William D. Edwards, Esq., sworn to on December 8, 1970, wherein it appears that a cause of action for a money judgment exists in favor of said plaintiff and against said defendant for at least the sum of $1,200,000.00, plus interest and costs and that said plaintiff is entitled to recover said sum above all counter-claims known to it,

And it further appearing that the said plaintiff is entitled to an Order of Attachment against the property of defendant Giffen Industries, Inc., on the ground that defendant is a foreign corporation,

Now, on the motion of Sullivan & Cromwell, attorneys for plaintiff, it is

Ordered, that the said plaintiff's undertaking be and the same hereby is fixed in the sum of $120,000.00 of which amount the sum of $60,000.00 thereof is

conditioned that said plaintiff will pay to the said defendant all legal costs and damages which may be sustained by reason of the attachment if the said defendant recovers judgment and it is finally determined that plaintiff is not entitled to an attachment of the property of said defendant and the balance of $60,000.00 thereof is conditioned that the said plaintiff will pay to the Sheriff all of his allowable fees, and it is further

Ordered, that the motion for an Order of Attachment be, and the same hereby is, granted, and it is further

Ordered, that the Sheriff of the City of New York or the Sheriff of any county of the State of New York, levy within his jurisdiction at any time before final judgment upon such property in which the defendant has an interest and upon such debts owing to the defendant as will satisfy plaintiff's demand of $1,200,-000.00 together with probable interests, costs, and the said Sheriff's fees and expenses, and that he proceed herein in the manner required by law.

Enter within ten days.

SULLIVAN & CROMWELL,
Attorneys for Plaintiff,
48 Wall Street,
New York, New York 10005.
HAnover 2–8100.

---

Supreme Court of the State of New York
County of New York

Mohasco Industries, Inc.,
          Plaintiff,
     —against—
Giffen Industries, Inc.,
          Defendant.

INDEX NO.
VERIFIED COMPLAINT

---

Plaintiff Mohasco Industries, Inc., by Sullivan & Cromwell, its attorneys for its complaint herein alleges:

### FIRST CAUSE OF ACTION

1. Mohasco Industries, Inc. ("Mohasco"), is a corporation duly organized and existing under the laws of New York having its principal offices in the City of Amsterdam, New York, and is a producer of carpeting and carpeting materials distributed in various States in the United States under the "Mohawk" trade name.

2. Giffen Industries Inc. ("Giffen"), is a foreign corporation, organized and existing under the laws of the State of Florida with its principal place of business in Miami, Florida.

3. For many years Mohasco has sold "Mohawk" carpeting and carpeting materials to Murray B. Marsh Company ("Marsh"), a corporation organized under the laws of the State of Washington with its principal place of business in Los Angeles, California, for distribution in the West Coast area.

4. On information and belief, Marsh is a wholly-owned subsidiary of Giffen.

5. By agreement dated July 31, 1969, attached hereto as Exhibit A, Giffen unconditionally guaranteed that Marsh would fully, promptly and punctually pay to Mohasco when due all amounts owed by Marsh to Mohasco resulting from or arising out of any advance, loan or extension of credit made or to be made by Mohasco to Marsh, including amounts owing on open account transactions with respect to the sale of carpet and carpeting materials by Mohasco to Marsh.

6. Said Guaranty provides that:

"The liabilities of Giffen pursuant to this Guaranty shall extend to all obligations of Marsh, to Mohasco, notwithstanding any right or power of Marsh or anyone else to assert any claim or defense as to the invalidity or unenforceability of any such obligation."

7. Said Guaranty also provides that: "Giffen hereby waives any and all defenses which may be available to it as guarantor and defenses in the nature thereof and agrees that Mohasco may deal with Marsh, and any other guarantors, all in such manner as Mohasco may determine and without in any way affecting the liability hereunder of either of the undersigned."

8. Pursuant to this Guaranty Giffen also agreed:

" * * * to pay all expenses (including attoneys' fees and legal expenses) paid or incurred by Mohasco in endeavoring to collect such amounts, or any part thereof, and in enforcing this Guaranty."

9. In reliance on said Guaranty and on the provisions contained in said Guaranty, Mohasco extended credit to Marsh during the year 1970 and sold carpet and carpeting materials to Marsh on open account.

10. As of the date hereof, Marsh owes Mohasco a total of $1,492,451.51 for goods sold and delivered. Of that amount $1,244,352.61 is now past due in accordance with Mohasco's terms of sale which require payment to be made within 60 days of the invoice date. This amount is net of any credit to which Marsh may be entitled. The remaining amount of $248,098.90 (net of any credit to which Marsh may be entitled) becomes due by January 5, 1971.

11. No payment has been made by Marsh since October 26, 1970 for goods sold and delivered despite demands duly made therefor by Mohasco to Marsh and to defendant Giffen on its Guaranty.

## SECOND CAUSE OF ACTION

12. Plaintiff Mohasco incorporates herein by reference as if set forth in full paragraphs 1–11 above.

13. In the normal course of business an account was stated in writing between Mohasco and Marsh on November 10 and 30, 1970 wherein it was stated that Marsh was indebted to Mohasco for the shipment to Marsh by Mohasco of carpet and carpeting materials. According to the account stated in writing between Marsh and Mohasco dated November 30, 1970, there was due and owing to Mohasco by Marsh a total of $1,492,451.51 of which $904,723.90 was past due in accordance with Mohasco's terms of sale and $585,727.61 becomes due and payable by January 5, 1971.

14. No payment has been made by Marsh on said account stated despite demand duly made therefor by Mohasco to Marsh and to defendant Giffen on its Guaranty.

## THIRD CAUSE OF ACTION

15. Plaintiff Mohasco incorporates herein by reference as if set forth in full paragraphs 1–11 above.

16. By the terms of its Guaranty, Giffen agreed to reimburse Mohasco for all costs and expenses, including attorneys' fees, incurred in collecting any amounts owed by Marsh to Mohasco and including attorneys' fees incurred in enforcing the Guaranty. Mohasco has been required to engage the services of the law firm of Sullivan & Cromwell to prosecute this action, and is entitled to be reimbursed by Giffen for reasonable attorneys' fees and costs,

Wherefore, plaintiff Mohasco Industries, Inc. demands

(1) Judgment against Giffen for $1,492,451.51 plus interest, and the costs and disbursements of this action;

(2) Judgment against Giffen for reasonable attorneys' fees and costs with respect to the prosecution of this action;

(3) and for such other and further relief as may be appropriate.

Dated: New York, New York

December 9, 1970

Sullivan & Cromwell
Attorneys for Plaintiff
Mohasco Industries, Inc.
48 Wall Street
New York, New York 10005
(212)   422–8100